# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUGENE A. FISCHER, | : | |
| PLAINTIFF, | : | |
| v. | : | NO. 11-cv-40-JPG-DGW |
| UNITED STATES OF AMERICA, | : | |
| DEFENDANT. | : | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on motion of the Defendant United States of America to stay proceedings in this matter (Doc. 36). The United States asks for a stay based on plaintiff Eugene A. Fischer's appeal of the order (Doc. 1) transferring this case pursuant to 28 U.S.C. § 1631 from the United States Court of Claims to the United States District Court for the Southern District of Illinois. The appeal is currently pending in the United States Court of Appeals for the Federal Circuit. The United States seeks to avoid responding to discovery requests propounded by Fischer until the Court of Appeals decides the appeal.

Ordinarily, an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, a deficient notice of appeal does not divest the district court of jurisdiction. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). Where it is clear to the district court that a notice of appeal is deficient because, for example, it seeks review of a non-appealable order, the district court may disregard the notice of appeal and proceed with the case. *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)).

Fischer's notice of appeal is deficient because it appeals from a non-appealable order. "Generally, a transfer order is interlocutory and thus not immediately appealable, but appealable only

incident to a final judgment in a case (or a partial judgment pursuant to Fed. R. Civ. P. 54(b)) or as a certified question pursuant to 28 U.S.C. § 1292(b)." *FDIC v. Maco Bancorp, Inc.*, 125 F.3d 1446, 1447 (Fed. Cir. 1997); *accord Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003); *United States ex rel. Felton v. Allflex USA, Inc.*, No. 98-1261, 155 F.3d 570, 1998 WL 382623, (Fed. Cir. June 8, 1998) (Table); *but see* 28 U.S.C. § 1292(d)(4)(A) (Court of Appeals for Federal Circuit has jurisdiction to review district court order on motion to transfer *to* United States Court of Federal Claims under 28 U.S.C. § 1631). This is because a transfer order is not a final order in the sense that it ends the litigation and leaves nothing more for the court to do but execute the judgment. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981). Since Fischer has appealed from a non-appealable order, his notice of appeal is deficient and does not deprive this Court of jurisdiction to hear this case. Lack of jurisdiction, therefore, does not require the Court to stay this case.

The United States also urges the Court to stay this case as a matter of efficiency even if it has jurisdiction. Avoiding responding to discovery, which would be propounded no matter where this case is heard, is not a legitimate reason to stay this case, especially in light of the fact that the Court of Appeals for the Federal Circuit is likely to dismiss Fischer's appeal for lack of jurisdiction, as explained above.

For these reasons, the Court **DENIES** the United States' motion to stay (Doc. 36).

**IT IS SO ORDERED.**
**DATE: March 28, 2011**

                                                    s/ J. Phil Gilbert
                                                  **J. Phil Gilbert**
                                                  **United States District Judge**